**\*E-FILED 04-13-2010\***

1  Charles G. Miller, State Bar No. 39272
   Michael D. Abraham, State Bar No. 125633
2  Howard I. Miller, State Bar No. 251878
   BARTKO, ZANKEL, TARRANT & MILLER
3  A Professional Corporation
   900 Front Street, Suite 300
4  San Francisco, California 94111
   Telephone:    (415) 956-1900
5  Facsimile:    (415) 956-1152

6  Attorneys for Defendants
   EXPEDITORS INTERNATIONAL
7  OF WASHINGTON, INC.

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11  LOGITECH EUROPE S.A., a Swiss          )   No. CV 10-00374 JW
    corporation; and LOGITECH INC., a California )
12  corporation,                          )   [PROPOSED] STIPULATED
                                          )   PROTECTIVE ORDER
13              Plaintiffs,               )
                                          )
14        v.                              )   (MODIFIED BY THE COURT)
                                          )
15                                        )
    EXPEDITORS INTERNATIONAL OF           )
16  WASHINGTON, INC., a Washington        )
    corporation, and DOES 1 through 1000, )
17  inclusive,                            )
                                          )
18              Defendants.               )
                                          )

19  **1.    PURPOSES AND LIMITATIONS**

20         Disclosure and discovery activity in this action are likely to involve production of

21  confidential, proprietary, or private information for which special protection from public

22  disclosure and from use for any purpose other than prosecuting this litigation would be warranted.

23  Accordingly, the, parties hereby stipulate to and petition the court to enter the following Stipulated

24  Protective Order. The parties acknowledge that this Order does not confer blanket protections on

25  all disclosures or responses to discovery and that the protection it affords extends only to the

26  limited information or items that are entitled under the applicable legal principles to treatment as

27  confidential. The parties further acknowledge, as set forth in Section 10 below, that this Stipulated

28

-1-

BARTKOZANKEL
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures of the court to file material under seal.

2.   **DEFINITIONS**

  **2.1**   **Party**:  Any party to this action, including all of its officers, directors, employees, consultants and retained experts.

  **2.2**   **Disclosure or Discovery Material**:  All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

  **2.3**   **"Confidential" Information or Items**:  Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. § 26(c).

  **2.4**   **Receiving Party**:  A Party that receives Disclosure or Discovery Material from a Producing Party.

  **2.5**   **Producing Party**:  A Party or non-party that produces Disclosure or Discovery Material in this action.

  **2.6**   **Designating Party**:  A Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

  **2.7**   **Protected Material**.  Any Disclosure or Discovery, Material that is designated as "Confidential."

  **2.8**   **Outside Counsel**:  Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

  **2.9**   **House Counsel**:  Attorneys who are employees of a Party.

  **2.10**   **Counsel (without qualifier)**:  Outside Counsel and House Counsel (as well as their support staffs).  Counsel shall be bound by the terms of this protective order.

  **2.11**   **Expert**:  A person with a specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a

-2-

1  consultant in this action and who is not a Party or a current employee of a Party or of a competitor

2  of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or

3  a competitor of a Party.  This definition includes a professional jury or trial consultant retained in

4  connection with this litigation.

5         (a)     For good cause shown, a party may apply to the Court to have a past,

6  present or prospective employee of a Party or competitor deemed to be an "expert" for purpose of

7  this Protective Order.  Any Party who wishes to object to the application for the designation of an

8  expert under this subsection, must do so within five (5) business days of service of the application.

9  The Court will either hold an informal hearing to resolve the matter, or request further briefing

10 from the parties and hold a formal hearing.

11        (b)     All parties agree that no Party will be allowed to retain, contact or depose as

12 a fact or expert witness, any "Expert" or "consultant" identified under paragraph 2.12 by another

13 Party who is not listed as an expert or fact witness by the identifying Party in the Pre-Trial Order

14 or called to testify at trial, unless given prior written authorization by the identifying Party or by

15 order of the Court.
**If a Special Master is appointed,**

16        (c)     ∧ Any Party seeking to challenge an Order of the Special Master under this
**objections.**
17 paragraph shall have ten (10) days from service of the Order to file ~~an answer~~.

18        **2.12   Professional Vendors**:  Persons or entities that provide litigation support services

19 (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing,

20 storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

21 **3.    SCOPE**

22        The protections conferred by this Stipulation and Order cover not only Protected

23 Material (as defined above), but also any information copied or extracted there from, as well as all

24 copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or

25 presentations by parties or counsel to or in court or in other settings that might reveal Protected

26 Material.

27

28

-3-

BARTKOZANKEL
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

4.    **DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. **For a period of six months after the final resolution of this action, this court will retain jurisdiction to enforce the terms of this order.**

5.    **DESIGNATING PROTECTED MATERIAL**

5.1    **Exercise of Restraint and Care in Designating Material for Protection**: Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify -- so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this-Order.

5.2    **Manner and Timing of Designation**: Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL."

If only a portion or portions of the material on a page qualified for protection, the Producing Party also must clearly identify the protected portions (e.g., by making appropriate markings in the margins), labeling each portion "CONFIDENTIAL."

(b)    For testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record before the close of the deposition, hearing, or other proceeding, all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection, and when

-4-

BARTKOZANKEL
Bartko Zankel Tarrant Miller & Hanson, Inc. a Professional Law Corporation
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 · Fax (415) 956-1152

1    it appears that substantial portions of the testimony may qualify for protection, the Party or non-

2    party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition

3    or proceeding is concluded) a right to have up to 20 days after receipt of the transcript to identify

4    the specific portions of the testimony as to which protection is sought as "CONFIDENTIAL."

5    Only those portions of the testimony that are appropriately designated for protection within the 20

6    days shall be covered by the provisions of this Stipulated Protective Order.

7             Transcript pages containing Protected Material must be separately bound by the

8    court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," as

9    instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony;

10            (c)     For information produced in some form other than documentary, and for any

11    other tangible items, that the Producing Party affix in a prominent place on, the exterior of the

12    container or containers in which the information or item is stored the legend "CONFIDENTIAL."

13    If only portions of the information or item warrant protection, the Producing Party, to the extent

14    practicable, shall identify the protected portions, specifying whether they qualify as

15    "Confidential."

16            **5.3     Inadvertent Failures to Designate**: If timely corrected, inadvertent failures to

17    designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive

18    the Designating Party's right to secure protection under this Order for such material.  If material is

19    appropriately designated as "CONFIDENTIAL" after the material was initially produced, the

20    Receiving Party, on timely notification of the designation, must make reasonable efforts to assure

21    that the material is treated in accordance with the provisions of this Order.

22    **6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

23            **6.1     Timing of Challenges**: Unless a prompt challenge to a Designating Party's

24    confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

25    economic burdens or a later significant disruption or delay of the litigation, a Party does not waive

26    its right to challenge a confidentiality designation by electing not to mount a challenge promptly

27    after the original designation is disclosed.

28

-5-

BARTKOZANKEL
900 Front Street, Suite 300
San Francisco, CA  94111
Phone (415) 956-1900 • Fax (415) 956-1152

**6.2** **Meet and Confer**: A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring with counsel for the Designating Party.

**6.3** **Judicial Intervention**: A Designating Party ~~that elects to press a challenge to a~~ ~~confidentiality designation~~ after considering the objections ~~jurisdiction~~ offered by the Challenging Party may, within 21 days of receipt of the objection or conferring with the Challenging Party, file and serve a motion under Civil Local Rule 7 that identifies the Challenged Material and sets forth in detail the basis for the designation. Each such motion must be accompanied by a competent declaration that affirms that the moving party has met and conferred in good faith and that sets forth with specificity the justification for the confidentiality designation.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

If a Designating Party fails to make such a motion within 21 days of receipt of written objections or conferring with the Challenging Party, the level of protection to which the material in question shall be entitled to be downgraded to the level advocated by the Challenging Party.

7. **ACCESS TO AND USE OF PROTECTED MATERIAL**

**7.1** **Basic Principles**: A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

-6-

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**7.2     Disclosure of "CONFIDENTIAL" Information or Items**:   Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)     the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c)     experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(d)     the Court and its personnel;

(e)     court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary; and

(g)     the author of the document or the original source of the information.

**8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing as soon as practicable after receiving the subpoena or order.

-7-

BARTKO ZANKEL
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

1   The Receiving Party also must inform the Party who caused the subpoena or order

2   to issue in the other litigation that some or all the material covered by the subpoena or order is the

3   subject of this Protective Order.

4   The purpose of imposing these duties is to alert the interested parties to the

5   existence of this Protective Order and to afford the Designating Party in this case an opportunity to

6   try to protect its confidentiality interests in the court from which the subpoena or order issued. The

7   Designating Party shall bear the burden and the expenses of seeking protection in that court of its

8   confidential material -- and nothing in these provisions should be construed as authorizing or

9   encouraging a Receiving Party in this action to disobey a lawful directive from another court.

10  **9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

11  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

12  Protected Material to any person or in any circumstance not authorized under this Stipulated

13  Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party

14  of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected

15  Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the

16  terms of this Order, and (d) request such person or persons to return or destroy all copies of the

17  Protected Material.

18  **10.   FILING PROTECTED MATERIAL**

19  A Party that seeks to file under seal any Protected Material must comply with Civil

20  Local Rule 79-5.

21  **11.   FINAL DISPOSITION**

22  Unless otherwise ordered, or agreed to in writing by the Producing Party, after final

23  resolution of this action by either dismissal with prejudice or by non-appealable order of a court of

24  competent jurisdiction and upon request of the Designating Party, each Receiving Party shall

25  confirm in writing that it has made reasonable efforts to either return all Protected Material to the

26  Producing Party or to destroy all Protected Material; in no event shall counsel be required to return

27

28

-8-

BARTKOZANKEL
Bartko Zankel Tarrant Miller & Torrel & Hamman, Inc. a Lawyer
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

1    or destroy information which has become part of counsel's notes, memoranda, working files or

2    other work product.

3    12.    **12. MISCELLANEOUS**

4         **12.1    Right to Further Relief**: Nothing in this Order abridges the right of any person to

5    seek its modification by the Court in the future.

6         **12.2    Right to Assert Other Objections**: By stipulating to the entry of this Protective

7    Order no Party waives any right it otherwise would have to object to disclosing or producing any

8    information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no

9    Party waives any right to object on any ground to the use in evidence of any of the material

10   covered by this Protective Order.

11   IT IS SO STIPULATED.

12   DATED: April 2, 2010

                                                          ORRICK, HERRINGTON & SUTCLIFFE, LLP.

13
14
15                                                        By _____
                                                              Karen G. Johnson-McKewan
16                                                            Attorneys for Plaintiffs
                                                              LOGITECH EUROPE S.A.
                                                              and LOGITECH, INC

17   DATED: April 2, 2010

18
                                                          BARTKO, ZANKEL, TARRANT & MILLER
19                                                        A Professional Corporation

20
21                                                        By _____
                                                              Howard I. Miller
22                                                            Attorneys for Defendants
         **(AS MODIFIED BY THE COURT)**                       EXPEDITORS INTERNATIONAL OF
23   PURSUANT TO STIPULATION, IT IS SO ORDERED.               WASHINGTON, INC
                                  ^
24
25   DATED:    April 13, 2010

26
                                                          _____
27                                                        THE HONORABLE JAMES WARE
                                                          HOWARD R. LLOYD
28                                                        UNITED STATES MAGISTRATE JUDGE

                                               -9-

BARTKOZANKEL
900 Front Street, Suite 300
San Francisco, CA 94111
Phone (415) 956-1900 • Fax (415) 956-1152

NPROPOSED STIPULATED PROTECTIVE ORDER
                                                          Case No. CV 10-00374 JW