United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Logitech Europe, S.A., et al., | NO. C 10-00374 JW |
| Plaintiffs, | NO. C 10-02617 JW |
| v. | **ORDER CONSOLIDATING CASES;** |
| Expeditors Int'l of Washington, Inc., et al., | **SCHEDULING ORDER** |
| Defendants. / | |
| Expeditors Int'l of Washington, Inc., | |
| Plaintiff, | |
| v. | |
| Logitech Int'l, S.A., et al., | |
| Defendants. / | |

The above entitled cases are scheduled for a Case Management Conference on September 27, 2010. Pursuant to the Federal Rules of Civil Procedure and Local Rules of this Court, the parties conferred and duly submitted a Joint Case Management Statement and Proposed Order. (See Docket Item No. 97.)

**A.     Consolidation of Actions**

As a preliminary matter, the Court considers whether the two related Actions should be consolidated.

A district court has broad discretion to consolidate actions involving "common issues of law or fact." Fed. R. Civ. P. 42(a); Investors Research Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal., 877 F.2d 777, 777 (9th Cir. 1989). In exercising its broad discretion to order consolidation, a district court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." Huene v. U.S., 743 F.2d 703, 704 (9th Cir. 1984).

Here, upon review of the Complaints in the Actions, the Court finds that each case presents similar factual and legal issues. Both Actions involve the same contracts whereby Expeditors agreed to act as a freight forwarder for Logitech. Both Actions involve the same alleged conduct–Expeditors taking of possession of Logitech goods in its control on January 19, 2010, based on its position that Logitech had not paid certain invoices. Moreover, the Actions are both at similarly early stages of litigation. Given these similarities and the lack of any apparent inconvenience, delay, or expense that would result from consolidating the cases, the Court finds that consolidation of the Actions is appropriate.

Accordingly, the Court consolidates related cases C 10-00374 JW with C 10-02617 JW. The Clerk of Court shall consolidate these actions such that the earliest filed action, C 10-00374 JW, is the lead case. All future filings shall be in C 10-00374 JW and bear the caption: "*In re Logitech-Expeditors Litigation.*" Since the later action is now consumed in the first filed action, the Clerk shall administratively close C 10-02617 JW.

On or before **October 15, 2010**, the Logitech Plaintiffs shall file an Amended Consolidated Complaint. On or before **November 1, 2010**, Expeditors Int'l of Washington shall file an Amended Consolidated Answer and Counterclaim(s).

**B.** **Consolidated Scheduling Order**

Upon review of the parties' joint Statement, it appears that a schedule for the case can be set without the necessity of an appearance at this time. Accordingly, the Case Management Conference is VACATED and the parties are ordered to comply with the following schedule:

2

## CASE SCHEDULE

| | |
|---|---|
| **Close of All Discovery (¶ 9)** | **July 29, 2011** |
| **Last Date for Hearing Dispositive Motions (¶ 10)**<br>(*≈60 days after the Close of All Discovery*) | **October 3, 2011** |
| **Preliminary Pretrial Conference at 11 a.m. (¶ 12)**<br>(*≈30 days before the Close of All Discovery*) | **June 27, 2011** |
| **Preliminary Pretrial Conference Statements (¶ 11)**<br>(***Due 10 days before conference***) | **June 17, 2011** |

None of the dates set in this Order may be changed without an order of the Court made after a motion is filed pursuant to the Civil Local Rules of Court.

### Standing Order to Lodge Printed Copy of "ECF" Papers

1. In all cases, including cases covered by the Electronic Case Filing System of the Court "ECF," when filing papers in connection with any motion or any pretrial conference, in addition to filing the paper electronically, the filing parties shall lodge with the Clerk's Office a printed copy of the papers, in an envelop clearly marked "Chamber's Copy – Lodged for the Chambers of Judge James Ware."  The "Chamber's Copy" envelop must state the case name and case number and be delivered on or before the close of the next court day following the day the papers are filed electronically.  See Standing Order Regarding Case Management in Civil Cases.

### Compliance with Discovery Plan and Reference to Magistrate Judge

2. The parties are ordered to comply with the discovery plan as set forth in the Case Schedule.  Any disputes with respect to the implementation of the discovery plan and all disclosure or discovery disputes are referred to the assigned Magistrate Judge.  In addition, any disputes pertaining to service or joinder of parties or claims are referred to the assigned Magistrate Judge.

### Document Management During Pretrial Discovery and Electronic Evidence Presentation

3. This Court has available a digital and video electronic evidence presentation system. Before commencement of pretrial discovery, the parties are ordered to familiarize themselves with the system, and to meet and confer about whether the case will involve voluminous

3

1  documentary. If so, as the parties identify documentary material which is likely to be used as trial
2  exhibits, the parties are ordered to electronically store these materials in a fashion which will
3  facilitate displaying them electronically during the trial. The parties are reminded that Civil L.R. 30-
4  2(b) requires sequential numbering of exhibits during depositions and that numbering must be
5  maintained for those exhibits throughout the litigation. Each proposed exhibit shall be pre-marked
6  for identification. All exhibits shall be marked with numerals. The parties shall meet and confer on
7  a division which will avoid duplication (e.g., Plaintiff: 1-99,000; Defendant #1: 100,000-299,999;
8  Defendant #2: 300,000-500,000).

### Disclosure of Expert Witnesses

10  4.  Any party wishing to present expert witness testimony with respect to a
11  claim or a defense shall lodge with the Court and serve on all other parties the name, address,
12  qualifications, résumé and a written report which complies with Fed. R. Civ. P. 26(a)(2)(B) **63 days**
13  **before close of discovery.** Expert witness disclosure must be made with respect to a person who is
14  either (a) specially retained or specially employed to provide expert testimony pursuant to
15  Fed.R.Evid. 702 or (b) a regular employee or agent or treating physician who may be called to
16  provide expert opinion testimony.

17  5.  The parties are also required to lodge any supplemental reports to which any
18  expert will testify at trial in accordance with Fed. R. Civ. P. 26(a)(2)(B).

19  6.  Any party objecting to the qualifications or proposed testimony of an expert
20  must file, serve and notice a motion to exclude the expert or any portion of the expert's testimony in
21  writing in accordance with Civil Local Rule 7-2, for hearing no later than **42 DAYS AFTER BOTH**
22  **EXPERT AND REBUTTAL EXPERT DISCLOSURES ON A MONDAY (LAW AND**
23  **MOTION DAY) at 9:00 a.m.** and preferably before or on the same day as the discovery cutoff
24  date at 9:00 a.m.

### Rebuttal Expert Witnesses

26  7.  If the testimony of the expert is intended solely to contradict or rebut opinion
27  testimony on the same subject matter identified by another party, the party proffering a rebuttal

1  expert shall make the disclosures required by Fed. R. Civ. P. 26(a)(2)(B), no later than **49 days**
2  **prior to discovery cutoff.**

### Limitation on Testimony by Expert Witnesses

8. Unless the parties enter into a written stipulation otherwise, upon timely objection, an expert witness shall be precluded from testifying about any actions or opinions not disclosed prior to the expert's deposition. This is to ensure that all factual material upon which expert opinion may be based and all tests and reports are completed prior to the expert deposition. Unless application is made prior to the close of expert discovery, each party will be limited to calling only one expert witness in each discipline involved in the case.

### Close of Discovery

9. Pursuant to Civil L.R. 26-2, all discovery, including supplemental disclosure, depositions of fact witness and expert witnesses, must be completed on or before the deadline set forth in the Case Schedule above.

### Last date for Hearing Dispositive Motions

10. The last day for hearing dispositive motions is set forth in the Case Schedule above. Any motions must be noticed in accordance with the Civil Local Rules of this Court.

### Preliminary Pretrial and Trial Setting Conference Statement and Proposed Order

11. The attorneys who will try the case are ordered to confer with one another and to file and lodge with Chambers on or before the deadline set forth in the Case Schedule above a Preliminary Pretrial and Trial Setting Conference Statement and Proposed Order, stating their readiness for trial, the amount of time which the Court should allocate for trial and the calendar period for the trial.

12. The attorneys who will try the case are ordered to appear on the date set in the Case Schedule at 11:00 a.m. for a Preliminary Pretrial and Trial Setting Conference.

13. With respect to the time allocation for trial, at the Preliminary Pretrial and Trial Setting Conference trial counsel will be asked to stipulate to a time allocation to each side for

the trial of the case. Once a stipulated allocation has been entered, the parties must plan their presentations to conform to the stipulated time allocation.

Dated: September 21, 2010

                                         *James Ware*
JAMES WARE
United States District Judge

United States District Court
For the Northern District of California

1 **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2 Charles G. Miller cmiller@bztm.com
Howard Ira Miller hmiller@bztm.com
3 Indra Neel Chatterjee nchatterjee@orrick.com
Jimmy S McBirney jmcbirney@orrick.com
4 Karen G. Johnson-McKewan kjohnson-mckewan@orrick.com
Michael David Abraham mabraham@bztm.com
5 Nikka Noel Rapkin nrapkin@orrick.com

8 **Dated: September 21, 2010**          **Richard W. Wieking, Clerk**

**By: /s/ JW Chambers**
   **Elizabeth Garcia**
   **Courtroom Deputy**

7